UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BENJAMIN SEEGARS,

                Plaintiff,        5:04-CV-0529
                                            (NAM/GHL)
      v.

McKEE FOODS,

                Defendant.
_____

APPEARANCES:                                  OF COUNSEL:

BENJAMIN SEEGARS
Plaintiff, *Pro Se*
87-T-1433
Auburn Correctional Facility
P.O. Box 618
Auburn, New York 13024

COSTELLO, COONEY & FEARON, PLLC      ROBERT J. SMITH, ESQ.
Attorneys for Defendant                     NICHOLAS J. DeMARTINO, ESQ.
205 South Salina Street, 4th Floor
Syracuse, New York 13202

GEORGE H. LOWE, MAGISTRATE JUDGE

**ORDER**

      This is a diversity case in which Plaintiff complains that he sustained personal injuries when he bit into a food product made by Defendant. Plaintiff alleges that the product contained a "crystal like substance" that caused his injuries. (Dkt. No. 1.)

      Pursuant to Fed. R. Civ. P. 34(b), Defendant sought to inspect, *inter alia*, the "crystal like substance." (Dkt. No. 21, Ex. A at 2.) Plaintiff opposed the request, stating, "[n]ot discoverable property, and not required." (Dkt. No. 21, Ex. B at 3.) The parties attempted to resolve the issue, and Plaintiff modified his position, but a final resolution was not achieved. (Dkt. No. 21, Exs. E

and F.)  Defendant then made the pending motion to compel (Dkt. No. 21), which Plaintiff opposed (Dkt. No. 22).

The Court sought clarification of what Defendant intended to do as part of its inspection of the "crystal like substance," and there was correspondence between the Court, counsel for Defendant, and Plaintiff.  (Dkt. Nos. 23-29.)  In essence, Defendant intends to ascertain what the substance is and its place of origin, and to compare it to substances at the Auburn Correctional Facility (where Plaintiff was incarcerated when he bit into the food product) and at Defendant's food plant.  To accomplish this, Defendant plans to have the substance tested by a laboratory in Colorado.  (Dkt. No. 24.)  Plaintiff argued that he already had had the substance tested by an independent laboratory.  Apparently he is willing to provide Defendant with the results of his testing, and therefore, according to Plaintiff, Defendant's request is "unreasonable, unnecessary and contrary to F.R.C.P. 34(b)."  (Dkt. No. 22 at 3.)  Plaintiff also has raised questions about the qualifications of the laboratory that Defendant has retained to do its testing.  (Dkt. No. 26.)  Finally, most recently, Plaintiff opposes "allow[ing] the defendant's Attorney to leave the Facility with the evidence in his possession . . . ."  (Dkt. No. 30.)

## DISCUSSION

It is obvious to this Court that Defendant has the right to conduct its own examination of the "crystal like substance."[1]  With respect to Plaintiff's concerns about the qualifications of the

---

[1] Indeed, where a plaintiff has privately examined (and collected evidence regarding) the object that allegedly caused his injuries, but has deprived defendant of a similar ability to do so, the plaintiff would be subject to sanctions, including an order of preclusion or even dismissal, because he has "greatly frustrated" the defendant's ability to defend itself.  *See Brancaccio v. Mitsubishi Motors Co*, 90 Civ. 7852, 1992 U.S. Dist. LEXIS 11022, *3-4 (July 27, 1992) (granting motion to dismiss under Fed. R. Civ. P. 37).

laboratory that Defendant has retained, that is an issue that should be raised with the trial judge, after discovery has closed, pursuant to a motion *in limine*. Finally, I find that the following chain of custody process is appropriate:

    1. The substance is to be placed in a heat-sealed plastic evidence bag in the presence of Plaintiff and counsel for Defendant, who will initial and date the heat-seal.

    2. Defense counsel will take possession of the evidence bag and mail it to the laboratory.

    3. The opening of the evidence bag, the testing process, and the replacement of the substance in a heat-sealed plastic evidence bag will be videotaped, with the videotape to be preserved by defense counsel, for availability to the Court if necessary.

    4. Defense counsel will deliver the evidence bag to Plaintiff.

**ACCORDINGLY**, it is

**ORDERED** that Defendant's motion to compel production of the "crystal like substance," to be tested by Defendant's laboratory pursuant to the process set forth above (Dkt. No. 21), is **GRANTED**.

Dated: May 5, 2005
       Syracuse, New York

*/s/ George H. Lowe*
George H. Lowe
United States Magistrate Judge