UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

**BENJAMIN SEEGARS,**

               **Plaintiff** *pro se*,

**5:04-CV-529**
**(NAM/GHL)**

v.

**McKEE FOODS,**

               **Defendant.**

---

APPEARANCES:

OF COUNSEL:

Benjamin Seegars, *Pro se*
87-T-1433
Auburn Correctional Facility
135 State Street
PO Box 618
Auburn, NY 13024

Costello, Cooney & Fearon, PLLC
205 South Salina Street
Syracuse, NY 13202
For Defendant

Nicholas J. DeMartino, Esq.

**MEMORANDUM-DECISION AND ORDER**

**INTRODUCTION**

    Presently before the Court is defendant McKee Foods' motion for sanctions, including dismissal pursuant to Rules 37(b), 41(b), and 16(f) of the Federal Rules of Civil Procedure. In the complaint, over which the Court has diversity jurisdiction, plaintiff *pro se* Benjamin Seegars advances claims against defendant for breach of implied warranty, strict liability, and negligence. This action stems from plaintiff's purchase and consumption of McKee Foods' "Little Debbie snacks Banana Twins". Plaintiff claims that while eating a "Banana Twin" he

felt pain in his mouth, spit out the cake, and observed "chewed cake mixed with a crystal like substance."

In an Order dated May 5, 2005, *see* Dkt. no.31, Magistrate Judge George H. Lowe granted defendant's motion to compel plaintiff's production of the "crystal like substance", which plaintiff claimed to have in his possession, so that defendant could have the substance tested in a laboratory.

According to plaintiff, upon receipt of Magistrate Judge Lowe's Order, he went to his locker "to check the evidence to find out how far it had deteriorated . . . . Only to find the evidence missing from his locker." Plaintiff believes that a corrections officer may have thought the evidence was garbage and thrown it out. In a letter dated May 11, 2005, plaintiff advised the Court that the evidence that was the subject of defendant's motion to compel was "missing" and requested the Court's advice on how to proceed. *See* Dkt. no.32. In a letter dated June 27, 2005, *see* Dkt. no.33, defendant wrote to the Court that it was prepared to bring a motion to dismiss based on the missing evidence. On July 1, 2005, Magistrate Judge Lowe entered an Order extending the motion filing deadline to August 1, 2005, to enable defendant to file a motion for sanctions including dismissal. *See* Dkt. no.34. In a letter dated July 13, 2005, plaintiff advised the Court as follows: "Since the Plaintiff no longer has the evidence in his possession, which is the basis for his claim. Plaintiff will not oppose a motion by the defendant to dismiss his claim." *See* Dkt. no.35. On July 25, 2005, defendant filed the instant motion to dismiss based on plaintiff's inability to produce the evidence that is the subject of this action. Plaintiff has not, to date, opposed defendant's motion.

**DISCUSSION**

The Second Circuit has cautioned that " 'dismissal under Fed.R.Civ.P. 37 is a drastic remedy that should be imposed only in extreme circumstances,' usually after consideration of alternative, less drastic sanctions." *John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc.*, 845 F.2d at 1176 (quoting *Salahuddin v. Harris*, 782 F.2d 1127, 1132 (2d Cir. 1986)). This severe sanction may still be warranted, even for a *pro se* litigant, who, "due to willfulness or bad faith," fails to comply with a discovery order after being warned that noncompliance may result in dismissal. *Daval Steel Products v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991); *see Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994); *accord Bobal v. Rensselaer Polytechnic Institute*, 916 F.2d 759, 764 (2d Cir. 1990). The Court applies the same standard to motions under Rule 16(f). *See* Fed.R.Civ.P. 16 Advisory Committee Notes, 1983 Amendment ("Rule 16(f) incorporates portions of Rule 37(b)(2), which prescribes sanctions for failing to make discovery. This should facilitate application of Rule 16(f), since courts and lawyers already are familiar with the Rule 37 standards."). Although defendant also seeks dismissal pursuant to Rule 41(b) for failure to prosecute, because " 'Rule 37 ... addresses itself with particularity to the consequences of a failure to make discovery.... There is no need to resort to Rule 41(b), which appears in that part of the Rules concerned with trials and which lacks such specific references to discovery.' " *Salahuddin*, 782 F.2d at 1133-34 (quoting *Societe Internationale Pour Participations Industrielles et Commerciales v. Rogers*, 357 U.S. 197, 207 (1958)).

In this case, there is no evidence that plaintiff, who states that he believes a guard may have thrown out the "Banana Twin," acted in bad faith or willfully failed to comply with Judge

Lowe's discovery order.  In view, however, of the parties' agreement that the "missing" "Banana Twin" is the basis for this action, and plaintiff's indication that he would not oppose a motion to dismiss, the Court grants defendant's motion to dismiss.

### CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that defendant's motion for sanctions, including dismissal, is **granted**; and it is further

**ORDERED** that the complaint is **dismissed without prejudice.**

**IT IS SO ORDERED.**

DATE:  October 24, 2005

Norman A. Mordue
U.S. District Judge